# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| THOMAS and BARBARA WORSTER, ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | Docket No. 07-cv-191-GZS |
| ) | |
| ALBERT and JUDITH GAUVREAU, ) | |
| ) | |
| Appellees. ) | |
| ) | |

### MEMORANDUM OF DECISION AFFIRMING THE DECISION OF THE BANKRUPTCY COURT

Before the Court is an appeal brought by Thomas and Barbara Worster (Appellants) (Docket # 1) from the Bankruptcy Court's Order of August 28, 2007, which rejected Appellants' objection to Albert Gauvreau's Chapter 7 discharge. For the reasons briefly stated herein, the Court DENIES Appellant's appeal and AFFIRMS the decision of the Bankruptcy Court.

On August 28, 2007, the Bankruptcy Court entered judgment in favor of Albert Gauvreau, and in its Memorandum of Decision, concluded that neither of the grounds brought forward by the Worsters would sustain an objection to Albert's Chapter 7 discharge. Specifically, the Bankruptcy Court considered whether Albert and Judith Gauvreau's quitclaim of the jointly-held real estate to Albert individually, within one year of filing their joint, voluntary bankruptcy petition, qualified as a transfer that would support a discharge objection under 11 U.S.C. § 727(a)(2)(A) and whether principles of res judicata dictated judgment in favor of Appellants. The Bankruptcy Court held that

the deeding of Judith's joint interest to Albert did not qualify as a transfer within the meaning of § 727(a)(2)(A). In addition, the Bankruptcy Court declined to give preclusive effect to the previous state court judgment.

When a party chooses to appeal a bankruptcy court decision to the district court pursuant to 28 U.S.C. § 158(a), the district court reviews the bankruptcy court's conclusions of law *de novo* and any factual findings under the more deferential clearly erroneous standard. See, e.g., Davis v. Cox, 356 F. 3d 76, 82 (1st Cir. 2004); Groman v. Watman (In re Watman), 301 F.3d 3, 7 (1st Cir. 2002). Appellants argue that Albert Gauvreau should be denied relief through a Chapter 7 bankruptcy.[1] The Court has reviewed the Bankruptcy Court's factual findings for clear error, and has engaged in a *de novo* review of the Bankruptcy Court's legal conclusions. The Court has given full consideration to both the written submissions of the parties on appeal, as well as the entire record that served as the basis for the Bankruptcy Court's ruling. After careful review, the Court concludes that the Bankruptcy Court's ruling was correct.

11 U.S.C. § 727(a) details the circumstances that can preclude a Chapter 7 debtor's receipt of a discharge in bankruptcy. Section 727(a)(2) states:

> The court shall grant the debtor a discharge, unless . . . the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed (A) property of the debtor, within one year before the date of the filing of the petition; or (B) property of the estate, after the date of the filing of the petition.

---

[1] The primary issue before the Bankruptcy Court in its August 28 decision was whether the transaction qualified as a transfer under 11 U.S.C. § 727(a)(2)(A). Nonetheless, in their appeal, Appellants assert that Albert Gauvreau committed fraud in not only the deeding of property but also in his deposition and in the listing and negotiation of real estate. The Court will limit its review to the issues before the Bankruptcy Court; all other issues are waived by Appellants' failure to raise them at the Bankruptcy Court. See In re Hemingway Transport, Inc., 993 F.2d 915, 935 (1st Cir. 1993) (arguments not raised in bankruptcy court cannot be raised for first time on appeal).

11 U.S.C. § 727(a)(2).  "[I]n order for a debtor to be denied a discharge under § 727(a)(2), an objector must show by a preponderance of the evidence that (1) the debtor transferred, removed, destroyed, mutilated, or concealed (2) his or her property (or the property of the estate if the transfer occurs post-petition) (3) within one year of the petition filing date (for prepetition transfers) (4) with intent to hinder, delay or defraud a creditor."  Groman, 301 F.3d at 7.  The Court notes that "[g]rounds for discharge are construed liberally in favor of the debtor."  Id. (citations omitted).  The issue before the Bankruptcy Court was whether Judith and Albert's deeding of their jointly held property to Albert individually amounts to a transfer sufficient to support a discharge objection under section 727(a)(2)(A).

The Code defines "transfer" as including: "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with – (i) property; or (ii) an interest in property."  11 U.S.C. § 101(54)(D).  Nonetheless, as stated by the Bankruptcy Court, even the most liberal interpretation of "transfer" would not support a denial of discharge.  Here, Albert did not dispose or part with an interest in his property.  Rather, Albert increased the interest in his property by becoming the sole holder of the property.  Thus, the quitclaim deed does not amount to a transfer of his property sufficient to deny him a discharge under § 727(a)(2).

In addition to the issue of a transfer, on May 4, 2005, the Gauvreaus defaulted in state court and the state court entered a final judgment for $ 92,048.50.  Noting the lack of explanation by Appellants, the Bankruptcy Court declined to give preclusive effect to this previous state court judgment.  The Court agrees with the Bankruptcy Court because the issue, as defined above, was not before the state court when it issued its pre-

bankruptcy decision regarding the fraudulent transfer of property by both Judith and Albert.

In short, the Court is satisfied upon review that the Bankruptcy Court correctly concluded that the transaction did not qualify as a "transfer" within the meaning of 11 U.S.C. § 727(a)(2)(A) and that judgment should be entered for Albert Gauvreau.  Thomas and Barbara Worster's appeal is therefore **DENIED** and the Bankruptcy Court's August 28, 2007 decision is hereby **AFFIRMED**.

    **SO ORDERED.**

                                    /s/ George Z. Singal
                                    Chief United States District Judge

Dated at Portland, Maine, this 7th day of January, 2008.